THE GEORGIA RAILROAD & BANKING COMPANY v. CLARKE.

1. In construing a special contract embodied in a railroad ticket and limiting the purchaser's rights, language of uncertain or doubtful meaning should generally be taken in its strongest sense against the company by which the ticket was issued and sold, and in favor of the purchaser.

2. If the meaning of the contract embraced in the ticket below described is not plainly and unequivocally that which is there ascribed to it, the same result is properly reached by the application of the above stated rule of construction.

3. A railroad ticket entitling a designated person to a stated number of single continuous trips, for each of which a separate coupon is attached, "between" two specified stations, and stipulating that "passage shall be taken only on such trains as stop at the above named stations," and also, that "this ticket shall be good only for continuous trips between" these stations, confers upon that person, upon surrendering one of the coupons, the right to ride from an intermediate station to either of the two stations mentioned in the ticket, or from either of those stations to the intermediate station, provided he boards a passenger-train which upon its regular schedule stops, not only at the two specified stations, but at the intermediate station also.

February 7, 1896.

Action for damages.     Before Judge Jones.     City court of DeKalb county.     March term, 1895.

Clarke was the owner and holder of a quarterly ticket issued by the railroad company, which by its terms entitled him to 162 continuous trips between Atlanta and Covington, during the three months ending October 29, 1894. Among the conditions of the ticket were, "that passage shall be taken only on such trains as stop at the above named stations," and "that this ticket shall be good only for continuous trips between Atlanta and the station punched," the station punched being Covington.   On October 26, 1894, plaintiff boarded a passenger-train at Lithonia, which was a station between Atlanta and Covington and was a regular stopping-place of this train, and tendered said ticket to the conductor in payment of his fare to Atlanta; but the

conductor refused to accept it, and upon refusal to pay fare otherwise, ejected plaintiff from the train. Suit for damages was brought; and the declaration was demurred to for want of a cause of action alleged. The demurrer was overruled, and the defendant excepted.

*Joseph B. & Bryan Cumming* and *M. A. Candler*, for plaintiff in error.

*Arnold & Arnold* and *Clarke & Lowe*, contra.

LUMPKIN, Justice.

1. The rule of construction announced in the first headnote is in accord with common sense. The principle upon which it is based was well recognized at common law, and is abundantly supported by precedent. This principle was invoked in the recent cases of *R. & D. R. R. Co.* v. *Mitchell*, 92 *Ga.* 77, and *W. & A. R. R. Co.* v. *Bussey et al.*, 95 *Ga.* 584. Those cases, it is true, deal with the construction of regulations prescribed by railroad companies for the government of their employees; but the reasoning upon which they are founded is alike applicable to the construction of tickets sold and issued by such companies. It may be fairly presumed that one who himself writes or prepares a written contract in which he is interested will be sure to use language which he conceives is best adapted to secure to himself the full benefit of everything he could claim under the agreement the writing is intended to evidence. It is therefore allowable and just, at the instance of the opposite party, to scan critically the phraseology employed.

It can hardly be doubted that before placing on sale tickets of the kind which the plaintiff in the present case purchased, the form to be used was carefully prepared and deliberately adopted by the company. There being a presumption that this form was thoroughly considered, the tickets (in the language of Chief Justice Bleckley on page 83 of the volume first above cited) "ought to be construed

more strongly against the party who made them and adopted them than against one who merely assented to and agreed to be bound by them when they were presented to him as a basis of contract." This is obviously right for the additional reason that, as the purchaser had nothing whatever to do with preparing the ticket, and had no voice in the wording of it, it was his right to claim under it the benefit of the strongest interpretation which could be made in his favor. Certainly, it was his undoubted right to insist that the words used in the ticket should be taken in their plain and literal significance, and not extended by mere implication.

2. It is, perhaps, hardly necessary in the present case to invoke the rule of construction we have above discussed; but if there is any doubt as to the meaning of the contract embodied in the ticket, the application of this rule relieves the case of all difficulty.

3. The ticket in question entitled the plaintiff to a stated number of continuous trips between Atlanta and Covington, and the contract embraced in the ticket stipulated that it should be good only for continuous trips between these stations, and provided passage should be taken on such trains only as stopped at the points designated. The extent of the restriction really imposed by this last stipulation was, that the holder of the ticket had no right to demand that a train should be stopped at any intermediate station between Atlanta and Covington for the purpose of allowing him to board it, or to leave it in case he happened to be riding thereon. So the only question really at issue is, could he, upon this ticket, ride upon a train from a station between Atlanta and Covington, where it had stopped, and at which he had boarded it, to either of the terminal points? A similar question, though not directly involved in this case, would be, could he ride on the ticket from Atlanta or Covington to an intermediate station at which the train he had taken stopped, irrespective of the contract between the

company and himself? The solution of both, or either, of these questions depends simply upon the proper answer to the inquiry: Is a ride from a station situated between Atlanta and Covington, to either of these places, a ride "between Atlanta and Covington"? Plainly and literally, it is. The railroad extends from Atlanta to Covington; Atlanta is in one direction from the moving train, and Covington in the opposite; the track is between these two points, and the ride is taking place upon that track. This is as much a ride between Atlanta and Covington as would be the case if the passenger got on the train at one of these points and rode all the way through to the other. This the plaintiff was undoubtedly entitled to do under the ticket; and the greater right necessarily includes the less, viz: to ride a portion of the distance only, in the absence of express restriction to the contrary. Although entitled to ride the whole distance upon tendering one of the coupons of his ticket, why could he not waive or relinquish this right in part, and accept only a portion of the ride his coupon called for? So far as we can perceive, the exercise of this privilege could work no possible harm or inconvenience to the railroad company.

The nearest case in point we have been able to find upon the subject is that of Auerbach *v.* N. Y. C. &c. R. R. Co., 89 N. Y. 281, which sustains our present decision, both as to the rule of construction appropriate in a case of this kind, and as to its application to the facts presented.

*Judgment affirmed.*