### 13565. TURNER *v.* HILLYER.

BROYLES, C. J. The court did not err in overruling all the grounds of the
demurrer to the petition as amended.

*Judgment affirmed. Bloodworth, J., concurs. Luke, J., dissents.*

DECIDED JULY 11, 1922.

Action on contract; from Bibb superior court — Judge Mal-
colm D. Jones. March 31, 1922.

Application for certiorari was denied by the Supreme Court.

Refusal to take and pay for certain shares of stock alleged to
have been purchased by Turner, the defendant, from the plaintiff,
Mrs. Hillyer, under a certain written contract, is the ground of
this action. In one count it is sought to recover the purchase-
price, and in another count the difference between that price and
the market value at the time of the breach of contract alleged.
In the demurrer it was contended that the contract was executory,
and that it did not appear that the plaintiff had done all that the
contract required her to do. In the demurrer to the first count
it was contended that an action for the purchase-price was not
maintainable, that the plaintiff had mistaken her remedy, which

was a suit for specific performance, or for damages measured by the difference between the contract price and the market value.

The written contract was as follows: "Georgia, Bibb County. This indenture entered into this the 2d day of April, 1921, between T. R. Turner, party of the one part, and Mrs. Lela Hillyer, executrix of the estate of L. P. Hillyer, deceased, party of the other part, both of said county and State, witnesseth: that the said Turner has bought of the said Mrs. Lela Hillyer, executrix, 258 shares of the capital stock of the Bibb National Bank of Macon, Georgia, at a price of . . $120.00 per share, which represents the stock owned by the late L. P. Hillyer in the said bank, the conditions being that the said Mrs. Hillyer is to assist in floating this stock in the manner set out as follows: By guaranteeing the said Turner that the Hudson Trust Company of the City of New York will carry as much as $20,000.00 loan secured by said stock on basis of eight [eighty ?] per share for the term of six months at rate of interest of five per cent. per annum, at the expiration of such six months the loan is to be reduced 25 per cent. by the said Turner, then for another six months at the rate of 5 per cent. per annum, and at that expiration the loan is to be reduced another 25 per cent. and the balance to be carried for another six months at the rate of 5 per centum. It is further agreed that should payment be made on said loan, shares of stock can be withdrawn in proportion to payments made, and if Mrs. Hillyer get the said Hudson Trust Company to extend the terms of payment longer than six months, she is to do so. It is further agreed that the said Mrs. Hillyer is to carry for the said Turner loan for the remaining stock which will amount to around $11,000.00, notes to be made to her due one fourth six months, one fourth twelve months, and one half (the remaining) for eighteen months, all to be carried at following rates of interest: whole amount to bear six per cent. per annum for six months, seven per cent. per annum second six months, and seven per cent. per annum the last six months. It is agreed that should any payment be made before maturity, stock is to be withdrawn in proportion to eighty dollars per share, and when payments are made at maturities stock is to be withdrawn on same proportion of $80.00 per share. Stock is to be issued in name of said T. R. Turner and power of attorney attached to certificates, which are to be properly witnessed, stock to be attached to notes, ·

47

and the said Turner is to have all voting privileges of said stock and all dividends, including the dividend of 1 per cent. paid April 1st, 1921. It is understood that the ratio of collateral put up by the said T. R. Turner upon this loan of $11,000.00 shall be the same as that of the Hudson Trust Company hereinbefore mentioned, i. e. 25 per cent. in the par value of the capital stock of the Bibb National Bank of Macon." Signed by the parties.

The first count of the petition as amended alleges: that T. R. Turner is indebted to petitioner in the sum of $30,960, with interest from April 2, 1921, by reason of the following facts: (Paragraph 3) On April 2, 1921, said Turner purchased from petitioner 258 shares of the capital stock of the Bibb National Bank of Macon, Ga., at $120 per share, a total of $30,960. Said sale is evidenced by a writing signed by petitioner and the said T. R. Turner, a ·copy of which is hereto attached, marked Exhibit A. Said writing was drafted and prepared by the said T. R. Turner. (Paragraph 4) Petitioner shows further that she has at all times since the said 2d day of April, 1921, been ready, willing, and able to deliver said 258 shares of said stock to said T. R. Turner upon payment by him therefor; that pursuant to said writing she procured the Hudson Trust Company of New York to carry for the said T. R. Turner a loan of $20,000 for a term of six months at the rate of 5 per cent. per annum, with Bibb National Bank stock on a basis of eighty as collateral, said loan to be evidenced by the form of collateral note used by said Hudson Trust Company; and herself offered to carry for said Turner a loan of the remaining $10,960 of purchase-price on notes, one fourth in six months, one fourth in twelve months, and one fourth in eighteen months, at the rate of interest and on the terms stated in said writing. (Paragraph 5) Petitioner shows that by procuring said Hudson Trust Company to carry said loan for said Turner as above stated, she has made good all of her guaranty as recited in said writing, which can be made good at this time, the further making of her said guaranty depending on payments to be made by said Turner in reduction of said $20,000, the first of which payments is not to be made for six months. (Paragraph 6) Said T. R. Turner fails and refuses to pay petitioner the agreed purchase-price for said 258 shares of stock, and fails and refuses to sign said note in favor of the Hudson Trust Company or to execute and deliver to peti-

tioner the notes to be made to her. (Paragraph 7) Petitioner holds said 258 shares of stock for said T. R. Turner as his property. (Paragraph 8) The said T. R. Turner has received and retains the dividend of one per cent. declared on said 258 shares of stock on April 1, 1921. Wherefore petitioner prays that she have judgment against said T. R. Turner for $30,960 with interest from April 2, 1921, at 7 per cent. per annum, and that process issue, etc.

The second count is identical with the first except that it omits the allegations of paragraphs 7 and 8 of the first count, and alleges that the market value of the capital stock of the Bibb National Bank of Macon in blocks of 258 shares does not exceed $80 per share, and that the failure and refusal of Turner to pay the agreed purchase-price and to sign the note in favor of the Hudson Trust Company and to execute and deliver to petitioner the notes to be made to her, and to carry out otherwise his part of the contract, constitutes a breach of the contract, and that by reason of the breach he has damaged and become indebted to her in the sum of $10,320, this being the difference between the price at which Turner agreed to purchase the stock and its market value on April 2, 1921.

. The grounds of the demurrer to the first count were: (*a*) It sets forth no cause of action. (*b*) Under the contract the only thing the plaintiff could sue for would be for a breach thereof. (*c*) It is not alleged that the stock was ever delivered to the defendant; and hence the plaintiff has mistaken her remedy, which is a suit for specific performance, or for damages for the breach, the measure of which is the difference between the price contracted for and the market value. (*d*) The allegation that the plaintiff holds the stock for defendant as defendant's property would not justify the plaintiff in seeking to apply the rule of law that when a purchaser refuses to accept goods, wares, or merchandise, the seller may store them for the purchaser and sue him for the purchase-price. To paragraph 4 and the part of it which relates to the procuring of a loan from the Hudson Trust Company the defendant demurs on the grounds: (*a*) The terms of the contract show that the plaintiff contracted to do more than is recited in this paragraph, and the recital of the things stated herein, without more, fails to show that she performed her obligations under

the mutual covenants of the contract. (*b*) Under the contract the plaintiff was not only to procure the Hudson Trust Company to carry a loan for defendant for six months, but contracted that on payment of stated sums the balance was to be carried for additional periods; and it is not alleged that she procured the Hudson Trust Company to do these things. (*c*) It is not alleged that the plaintiff procured the Hudson Trust Company to assent to the arrangement that shares of stock could be withdrawn in proportion to payments made. (*d*) The clause, " said loan to be evidenced by the form of collateral note used by said Hudson Trust Company," is demurred to because such was not the contract shown in the exhibit and no copy of this particular form of collateral note is shown; the contract says nothing about the loan being evidenced by a particular form of note; and as the form referred to is not disclosed, the court can not know whether it would be a compliance with plaintiff's obligation to get the Hudson Trust Company to carry the loan secured merely by bank note, as the contract calls for. This count as a whole is demurred to, and paragraph 4 specially, because the writing exhibited " calls for (*a*) either concurrent obligations or concurrent covenants on the part of both plaintiff and defendant, or (*b*) conditions precedent — those which plaintiff was to perform being referred to in paragraphs 2(*b*) and 2(*c*) of this demurrer, and there is no allegation that all these have been performed by plaintiff, . . ; and in the absence of specific allegations that these have been by her performed, she is not entitled to proceed against defendant on said contract."

As to the second count the grounds of the demurrer were similar to those stated above, except those relating to the remedy sought, and the additional grounds that there was no definite statement as to the market value of the stock, and that " an allegation that stock in a block of a certain number of shares does not exceed $80 per share is no allegation as to the market value of the stock."

*Hall, Grice & Bloch,* for plaintiff in error, cited: 130 *Ga.* 146; Civil Code (1910), §§ 4223, 4301-2-3, 3720, 3717, 4568; 130 *Ga.* 67 (2); 132 *Ga.* 209 (1); 102 *Ga.* 714, 718; 2 Williston on Contracts, § 835, pp. 1591, 1594; § 671, pp. 1292, 1294; § 672, p. 1295; § 674, p. 1298; § 839, p. 1600; § 667, p. 1228.

*Jones, Park & Johnston,* contra, cited: 79 *Ga.* 105 (4, 5); 97 *Ga.* 706 (1), 707; 66 U. S. 476 (17 L. ed. 222); 1 Wheat. 75 (4 L. ed. 40); 130 *Ga.* 146; Park's Ann. Code, § 2219; 24 Ruling Case Law, 35; 17 C. J. 479; 14 Peters, 318, 320 (10 L. ed. 473, 475).