18535. VARN TURPENTINE & CATTLE CO. *v.* ALLEN & NEWTON.

JENKINS, P. J. 1. The effect of a contract for an option to purchase land is to bind the owner of the property to hold it in the same state and condition in which it existed at the time the contract was made, so that he may be able to convey it in such condition if the optionee sees proper to call upon him so to do. Any unjustifiable injury to the property by the optionor during the life of the option, such as would prevent him from complying with such obligation, amounts to a breach of the option contract, and gives to the optionee a right of action for such damages as may be shown to have actually and legally flowed therefrom.

2. "A tort is a legal wrong committed upon the person or property, independent of contract;" which may arise from "the violation of some private obligation by which damage accrues to the individual." Civil Code (1910), § 4403. While it has been held that the breach of an unexpressed but implied duty arising out of a contract gives the injured party the right of election as to his remedy, so that he may rely either upon his right under the contract or proceed for damages as in case of tort (*Fain* v. *Wilkerson*, 22 *Ga. App.* 193, 95 S. E. 752), still, in order for such a breach of an implied duty to give rise to a right of election on the part of the complainant, there must be a legal wrong committed upon the person or property of the complaining party.

3. An option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land itself. 39 Cyc. 1237, G (1); 27 R. C. L. 334, 335. Nor, according to the weight of authority, does the interest of an optionee in the land, by fiction, date back from the granting of the option, in case the option is accepted and a contract of sale made. 23 A. L. R., 1217; Caldwell *v.* Frazier, 65 Kan. 24 (68 Pac. 1076). Accordingly, since the plaintiff in the instant case had no interest, legal or equitable, in the land at the time the timber was removed therefrom, it could not maintain an action for damages in trespass, but is relegated to such rights as it may have under the contracts for a breach of the obligations imposed thereby. The court did not err in sustaining the general demurrer to the petition.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JULY 13, 1928.

*Copeland & Dukes,* for plaintiff.
*Little & Dickerson,* for defendants.