FRANKLIN *v.* McCORMICK *et al.; et vice versa.*
FIRST NATIONAL BANK OF MILLEDGEVILLE *v.* McCORMICK *et al.*

ATKINSON, Justice. 1. On its face the contract in question is purely for an option to buy the land upon the terms and to be exercised within the time therein expressed. It was not a contract of purchase and sale, nor would any interest in the land pass to the optionee thereunder before exercise of the option to buy.

2. Before the decision of this court (*Franklin v. McCormick*, 180 *Ga.* 170, 178 S. E. 536), the plaintiff amended the petition by alleging that the date specified in the contract for extending the option as March 10

was by mistake, the true date being October 10; and the defendant Franklin, by amendment to his answer, alleged certain acts as fraud on the part of the plaintiff in procuring the contract. It was held by this court that "The court did not err in striking the defenses seeking to show fraud on the. part of the plaintiff in procuring the option." When the case was returned to the trial court Franklin offered an amendment enlarging upon the alleged grounds of fraud, and offering to return the payments that had been paid for the option. *Held,* that the court erred in rejecting this amendment. This error rendered all further proceedings nugatory as to Franklin, and requires a reversal of the judgment on the main bill of exceptions filed by him.

3. The petition as amended showed on its face that the defendant National Bank was holder of a duly recorded security deed executed by Franklin, conveying the land before the date of the plaintiff's option, and also of another duly recorded security deed executed by Franklin after the option contract but before the date of the alleged exercise of the option. Also, that the amount secured by the second deed represented accumulated interest on the amount secured by the first deed and interest paid for Franklin on a prior security deed in the hands of the Land Bank. *Held:*

(a) The fact that the second security deed represented interest did not destroy its efficacy as a security.

(b) The interest of the National Bank under both its security deeds was superior to the alleged claim of right to specific performance as against Franklin by the plaintiff under his contract for an option prior to a purchase thereunder by him.

(c) In these circumstances the petition did not allege a cause of action as against the National Bank, and it was erroneous to overrule the general demurrer interposed by that defendant.

(d) The assignment of error dealt with here was not before this court, and was not ruled on, when the case was formerly here on writ of error sued out by Franklin.

(e) The error in overruling that demurrer rendered all further proceedings nugatory as to the National Bank.

4. In view of the foregoing rulings, the assignments of error in the cross-bill of exceptions filed by the plaintiff, complaining of the ruling allowing the National Bank to amend its answer, become immaterial.

*Judgment on the main bill of exceptions reversed. Judgment on the cross-bill of the National Bank reversed. Cross-bill of plaintiff dismissed. All the Justices concur.*

On rehearing the former judgments are adhered to. *All the Justices concur, except Gilbert, J., absent.*

Nos. 11025, 11045, 11055. JULY 10, 1936.
ADHERED TO ON REHEARING, JULY 23, 1936.

764

*Joseph Law* and *Sibley & Allen,* for plaintiffs in error.
*W. M. Goodwin, E. W. Jordan, Hines & Carpenter, Fullbright
& Burney,* and *Lewis & Lewis,* contra.