REEVE *v.* HICKS *et al.*

No. 14736.   JANUARY 5, 1944.

*J. H. Paschall* and *J. G. B. Erwin,* for plaintiff.

*Joe M. Lang* and *R. Noel Steed,* for defendants.

DUCKWORTH, Justice. The present action is clearly one in which the petitioner seeks relief under an asserted title by reason of the option contract, and not under the lease contract which is set out as an exhibit attached to the petition. He asks damages for timber already cut, and seeks to have set aside as clouds upon his asserted title the conveyances under which the defendant Georgia Morain Corporation claims the right to cut and remove the timber; to have the defendants enjoined from such acts because they will cause irreparable injury and damage to the timber which is growing and increasing in value, and the cutting thereof "will cause the land to wash and erode;" the growing trees less than six inches in diameter will be broken, damaged, and largely destroyed; all of which he contends constitutes a trespass against him as the holder of the option to purchase.

"An option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land itself. 39 Cyc. 1237, G (1); 27 R. C. L. 334, 335. Nor, according to the weight of authority, does the interest of the optionee in the land, by fiction, date back from the granting of the option, in case the option is accepted and a contract of sale made. 23 A. L. R. 1217; Caldwell *v.* Frazier, 65 Kan. 24 (68 Pac. 1076)." *Varn Turpentine & Cattle Co.* v. *Allen,* 38 *Ga. App.* 408 (3) (144 S. E. 47). See also *Franklin* v. *McCormick,* 182 *Ga.* 757 (187 S. E. 6); *Neely* v. *Sheppard,* 185 *Ga.* 771, 775 (196 S. E. 452); *Mattox* v. *West,* 194 *Ga.* 310, 314 (21 S. E. 2d, 428); 8 Thompson on Real Property, § 4570. Under the above-cited authorities the petitioner, not having exercised the right to call for the lands under the option contract relied upon, had no interest, legal or equitable, in the land or timber here involved, and none but the owner could maintain an action for damage to such property. "It would seem to be axiomatic that if a plaintiff be not entitled to recover damages for a trespass alleged in his petition to have been already committed, he can not be permitted to maintain an equitable action to enjoin a continuance of the trespass. *Flannery* v. *Hightower,* 97 *Ga.* 602." *Downing* v. *Anderson,* 126 *Ga.* 373, 374 (55 S. E. 184). Since the petitioner may not maintain an action for tres-

pass to the land or timber, it necessarily follows that he is not entitled to an injunction against the named defendants, and no relief is sought against the optionors, who are not alleged to have breached the contract so as to afford a right of action against them. Hence the order of the court granting an injunction only upon the condition that the petitioner execute a bond by a named date was not harmful error against him.

In a proper case seeking to restrain irreparable damage to the proper exercise of his lease, the tenant would be entitled to injunction. In *Anthony Shoals Power Co.* v. *Fortson,* 138 *Ga.* 460 (4) (75 S. E. 606), it was held: "Injunction is an available remedy to restrain a landlord from interfering with the possession of his tenant pending the tenancy, where the damages are of such a nature as to be incapable of accurate computation." Certainly a tenant would have no less a right against a mere trespasser, as the defendant Georgia Morain Corporation is shown to be, because the only claim of title asserted by it is from F. L. Hicks, the life-tenant in the present case, who could not legally convey to it the right to cut timber from lands deeded to his children, subject only to a life-estate in himself. The petitioner does not, however, bring himself within the rule just adverted to, because it is not shown that he sustained any irreparable damage merely by reason of his possession, such as interference with his farming operations, the improvements he has made on the premises, or any of his activities as a tenant; his supposed right to an injunction being predicated on alleged irreparable damage to the timber and the land upon which it is growing, as to which the option contract gives him no interest, legal or equitable, but only a privilege to buy the property at the price agreed upon, within a certain time, and on agreed terms and conditions. See *Illges* v. *Dexter,* 77 *Ga.* 36, 38; *Mattox* v. *West,* supra. "The owner does not sell his land; he does not then agree to sell it; but he does then sell something, viz., the right or privilege to buy at the election, or option, of the other party. The second party gets in præsenti, not lands, or an agreement that he shall have lands, but he does get something of value; that is, the right to call for and receive land if he elects." 8 Thompson on Real Property, 506, § 4569. If the petitioner desires title to the land and timber, the way is open to him by exercising his option.

*Judgment affirmed. All the Justices concur, except Jenkins, P. J., absent on account of illness.*