# LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Van Gundy

v.

Pioneer Mutual Casualty Co.

October 26, 1970

Case No. (Law) 6973

By JUDGE EDWARD L. RYAN, JR.

The issue for determination is raised by defendant's motion to quash service of process and its plea to the jurisdiction.

The gravamen of plaintiff's claim is that defendant "did negligently, wrongfully, and in bad faith breach its duty (to plaintiff) within the City of Norfolk and State of Virginia in a fashion and manner tantamount to fraud." This allegation is bottomed on the charge that a defendant failed to perform its duties under a certain automobile liability insurance policy existing between the parties, and in failing properly to handle and settle a tort claim lately pending and now ended in the Circuit Court of Norfolk. The allegations of the six-page motion for judgment are lengthy and explicit. At the hearing on defendant's motion and plea, plaintiff offered the oral testimony of Robert G. Doumar, Esquire, who represented the personal injury plaintiff in the Circuit Court of Norfolk; a transcript of a hearing in the Circuit Court of Norfolk (Plaintiff's Exhibit No. 1X); and Xerox copies of photographs showing said plaintiff's injuries. (Plaintiff's Exhibit No. 2X). The policy of insurance between the parties provided liability coverage not to exceed $10,000.00 with respect to bodily injuries to any one

person in a given accident. The judgment rendered in the action in the Circuit Court was in the sum of $20,000.00.

The affidavit of defendant's assistant vice president, filed in support of its motion and plea, states basically that defendant has never done any business in the State of Virginia and has always operated exclusively in the State of Ohio. It also shows that the policy of insurance was issued and delivered to plaintiff in Ohio.

Subsequently, plaintiff was involved in an automobile accident in Norfolk that gave rise to the personal injury claim.

Defendant could not be served personally in Virginia, hence plaintiff resorted to substituted service on the Secretary of the Commonwealth. The return of the secretary states that the motion for judgment "was mailed to me as statutory agent for the defendant by the Clerk of Court Norfolk in accordance with Section 8-81.3 of the Code of Virginia." ("Long arm" statute).

### Is the Action Laid Properly In Tort?

Ordinarily, an action for breach of contract must be laid in assumpsit, however, there is an exception to the rule where there has been an added breach of a duty imposed by law. The general exception may be found in 1 C.J.S., *Actions*, § 47, as follows:

> The same act or transaction may, however, constitute a breach of contract and a tort, in which case. . . the injured party may sue either in contract or in tort, as, for example, *where the act complained of consists of the violation of some duty merely incident to, or arising out of, a contract.*
>
> There are also certain classes of contracts which create a relation out of which *certain duties arise as implied by law independently* of the express terms of the contract, a breach of which will constitute a tort, and in such cases an injured party may sue either for breach of contract or in tort for *breach of duty imposed by law*, the rule being that, where there is a breach of duty imposed by law *an action in tort is not precluded because such duty arises*

*out of a contract relation. . . .* This rule applies in the case of a contractual relationship between. . . insurer and insured. . . . (Emphasis added.) (See extensive footnoting of this section.)

The exception was first recognized by the Virginia Court in 1875, and has since been consistently followed. The latest expression of the Court may be found in *Wright v. Everett*, 197 Va. 608 (1956), which involved the breach of a real estate contract by plaintiffs' rental agent. There the Court said:

Defendant contends that plaintiffs should have brought their action for breach of contract and not for tort. The pleadings, that is, the motion for judgment and answer, are couched in language appropriate to a tort action and not to an action in assumpsit. . . . In addition, we have held that even though the foundation of the action arose out of privity of contract between the parties, if the same alleged facts show a breach of duty constituting a tortious neglect, plaintiff has a right to elect whether he will proceed in tort or assumpsit. *Ferrill v. Brewis' Adm'or*, 25 Gratt. (66 Va.) 765; *Spence v. Norfolk, etc. R. Co.*, 92 Va. 102, 22 S.E. 815; *W. W. V. Co., Inc. v. Black*, 113 Va. 728, 75 S.E. 82.

See also: *Varn Turpentine, etc. v. Allen & Newton*, (Ga.), 144 S.E. 47; *Swann v. Wright*, (Ga.), 179 S.E. 86.

The allegations of plaintiffs' motion for judgment sound in tort and are sufficiently broad to state such a cause of action. *See Aetna v. Price*, 206 Va. 749 (1966). This suit of an insured against his insurer, under facts similar to the case at bar, was a tort action.

### Was the Tort Committed in Ohio or Virginia?

Defendant earnestly contends that the tort, if any, was committed in Ohio because all of the decisions as to any action to be taken in the personal injury action were made in the home office of the defendant located

at Columbus, Ohio. It is said that no such decisions were made by anyone in Virginia, and, more specifically, were not made by the Norfolk attorney who was retained to represent the defendant in the personal injury action in the Circuit Court. There is no evidence that any adjuster or other person employed by defendant engaged in any of the local negotiations, all of same having been conducted by the said Norfolk attorney. Defendant concludes with the contention that such circumstances would be governed by Code of Virginia § 8-81.2(4) which would necessitate that defendant "regularly does or solicits business, or engages in any other persistent course of conduct . . . in this State" before jurisdiction could attach.

But any act by an attorney employed is binding on the client at law and in equity. *Lockard v. Whitenack*, 151 Va. 143 (1928). Further, in some circumstances, a client is estopped to deny the authority of an attorney retained to represent him. *Morrow v. Brinkley*, 85 Va. 55 (1888). Finally, an attorney is the agent of his client, and has authority to take all lawful steps for his client's interest. *Virginia Elec., etc. Co. v. Bowers*, 181 Va. 542 (1943); 7 Am. Jur. 2d § 3. So, it is seen, that the Norfolk attorney was the "instrument" used by plaintiff to "complete" the decisions made in Ohio, and to set in motion the *"last events"* necessary to render defendant liable, if any liability exists. All of these final acts were, of course, performed in Virginia, and the injury, if any occurred in Virginia. The following principles are set out by the authorities:

> In some cases the statute ("long arm") has been construed as including a situation where the operative wrongful acts occur in another state, but the injury occurs within the local state, the courts taking the view that the place of the wrong is where the *last event* necessary to render the actor liable took place . . . . (Emphasis added.) 36 Am. Jur. 2d, *Foreign Corporations*, § 367.

> Where the issue is the choice between the law of the place where an allegedly wrongful act or omission took place and the law of the place where the injury or harm was sustained, the

general rule is that the place of the tort or wrong governs liability and other substantive matters, is the place of injury or harm. (See fn. 6 for citation of multiple cases and annotations).

The rule that the place of wrong is in the state where the *last event* necessary to make an actor liable for an alleged tort takes place has been adopted in a number of cases. The same rule has been stated to the effect that tort liability is controlled by the law of the state where the tort is *completed*. (Emphasis added.) 16 Am. Jur. 2d *Conflict of Laws*, § 72.

The Illinois court in *Gray v. American Radiator, etc.*, 176 N.E.2d 761, held that the place of a wrong is where the last event necessary to render the actor liable takes place.

Code of Virginia § 8-81.2 provides that a Virginia court may exercise "personal jurisdiction over a (nonresident) person who acts directly *or by an agent*." Even in the absence of the specific word "agent" it appears that one acting within a state by an agent is amenable to the jurisdiction of the local courts. In *Mann v. Equitable Gas Co.*, 209 F. Supp. 571 (W.D. Va. 1962), the words "the commission of a tortious act within the state" were construed as meaning that the alleged tortfeasor or its *agents* were within the state at the time of the act which was alleged to have resulted in the tort. For elaborate annotation, see 24 A.L.R.3d 532.

### Defendant's Authorities

The court has carefully considered the Xerox copies of the numerous authorities and decisions submitted by the defendant. The most persuasive and detailed opinion is that rendered by Judge Dalton in *St. Clair v. Righter*, 250 F. Supp. 148 (W.D. Va. 1966), however, the facts are distinguishable from those in the instant case. In *St. Clair*, the tortious act was committed outside the State of Virginia and the defendant did *not* have any servant, agent or employee acting for it in this state. The last act necessary for the commission of the tort occurred

when defendant mailed the defamatory letters outside of the state addressed to certain corporate stockholders in Virginia. In the instant case the last acts necessary for the commission of the alleged tort were performed by the defendant's attorney and agent in Norfolk. At any time prior to the trial of the personal injury action the defendant could have directed its attorney to pursue a different course of action; hence, necessarily, the "last event necessary" to give rise to the alleged tort and injury occurred in Virginia.

### Conclusion

The court concludes that this matter falls within the provisions of Code of Virginia § 8-81.2(3): "causing tortious injury by an act or omission in this State." Plaintiff may present a sketch of an order overruling the defendant's motion and plea, preserving unto defendant its exceptions.