62045. GOSS et al. v. THORNTON et al.

BANKE, Judge.

This is an appeal from a summary judgment for the landlord in a dispossessory proceeding. The landlord alleged that the tenants were in default of a lease provision requiring them to make certain repairs. This allegation was supported by an affidavit attached to the motion for summary judgment. The tenants filed an answer asserting that the landlord had agreed orally to make the repairs, but submitted no affidavit or other evidence to support this contention prior to issuance of the summary judgment. They did, however, file such affidavits with their notice of appeal. *Held:*

1. Code Ann. § 81A-156 (e) provides, in pertinent part: "When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegation or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." See *Walsey v. American Fletcher Nat. Bk. &c. Co.,* 151 Ga. App. 104 (258 SE2d 760) (1979). The affidavits submitted by the appellants were not filed prior to the hearing on the summary judgment motion as required by Code Ann. § 81A-156 (c). Indeed, they were not filed until the motion had already been granted. Accordingly, they do not render the court's ruling erroneous. Accord, *Sacks v. Bell Tel. Laboratories,* 149 Ga. App. 799 (1) (256 SE2d 87)

(1979); *Johnson v. Lastinger,* 152 Ga. App. 328 (2) (262 SE2d 601) (1979). Although it is alleged that oral testimony creating a fact issue was offered at the hearing, we are unable to consider this alleged testimony since no transcript of the hearing has been included in the record on appeal.

2. The trial court is not required to submit findings of fact and conclusions of law in deciding a motion for summary judgment. Code Ann. § 81A-152 (a).

3. In view of the above, the appellants' remaining enumerations of error are moot.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 6, 1981.

*Audrey P. Biloon,* for appellants.
*John Edwards,* for appellees.