## 63943. BROWN v. REEVES et al.

POPE, Judge.
On December 3, 1979 the parties to this appeal executed an "Agreement to Sell and Purchase" whereby appellant Ben Brown agreed to purchase 683-1/2 shares of stock in BRV Corporation from appellees Leon and Evelyn Reeves. The agreement provided that the full amount of the purchase price ($9,450.00) was to be paid on or before December 1, 1980. The signed stock certificates were to be held in escrow pending payment in full of the purchase price, and appellees agreed to resign as officers and directors of the corporation

instanter.

On September 4, 1981 appellees brought this action against appellant seeking specific performance of the agreement, damages, costs and attorney fees. If specific performance were not granted, appellees alternatively sought judgment against appellant in the amount of $9,450.00 plus interest, costs and attorney fees. Appellees moved for summary judgment and submitted the affidavit of Leon Reeves in support thereof; appellant filed an affidavit in opposition. The trial court granted summary judgment in favor of appellees in the amount of $9,450.00 plus costs (see *Capps v. Edwards,* 130 Ga. 146 (2) (60 SE 455) (1907)), from which appellant brings this appeal.

1. Appellant first contends that there is no consideration for the agreement. We disagree. The agreement in this case is based upon appellees' agreement to sell and appellant's agreement to buy certain stock of BRV Corporation. Such mutual promises afford consideration one as to the other. Code Ann. § 20-304. Accord, *Hardin v. Case,* 134 Ga. 813 (2) (68 SE 648) (1910); Taunton v. Allenberg Cotton Co., 378 FSupp. 34 (6) (M. D. Ga. 1973).

2. Appellant also contends that the parties did not intend the agreement to be more than an offer by appellees to sell, which offer appellant could accept or reject. If this contention were accepted, the agreement would by definition be an option. "The obligation by which one binds himself to sell, and leaves it discretionary with the other party to buy, is what is termed in law an option. . . ." *Black v. Maddox,* 104 Ga. 157, 162 (30 SE 723) (1898). However, the agreement specifically provides: "This document is an agreement to sell and purchase and IS NOT an option to purchase and sell." Nevertheless, appellant argues: "The word 'purchase' came after the word 'sell' indicating that [appellant] would have the right to accept or not accept the offer." In light of the unmistakably clear language of the foregoing clause, we find this argument wholly lacking in merit. On its face the agreement compels the conclusion that it is a contract of purchase and sale. Compare *Franklin v. McCormick,* 182 Ga. 757 (1) (187 SE 6) (1936).

3. "The trial court is not required to submit findings of fact and conclusions of law in deciding a motion for summary judgment. Code Ann. § 81A-152 (a)." *Goss v. Thornton,* 159 Ga. App. 166, 167 (283 SE2d 63) (1981).

4. In his affidavit Leon Reeves avers that he and Evelyn Reeves have signed and deposited the subject stock certificates with the escrow agent and also that they have resigned their positions as officers and directors of the corporation, these actions constituting appellees' full compliance with the agreement. Appellant in his affidavit asserts that appellees have not resigned from the

corporation, apparently basing this assertion on his allegation that Evelyn Reeves receives the corporate bank statement.

"A party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists, and the trial court, construing the evidence most favorably to the opposing party, must give him the benefit of all favorable inferences that may reasonably be drawn from the evidence. This rule applies in construing an affidavit of the opposing party." *Capital Auto. Co. v. General Motors Acceptance Corp.*, 119 Ga. App. 186 (1) (166 SE2d 584) (1969). Construing the evidence of record *at this time* most favorably to appellant, an issue of fact remains as to whether appellees have substantially complied with the agreement so as to entitle them to recovery thereunder. See *Lee v. Lee*, 191 Ga. 728 (1) (13 SE2d 774) (1941); see also *Hamilton v. Daniel*, 213 Ga. 650 (3) (100 SE2d 730) (1957). Therefore, summary judgment was improper.

*Judgment reversed. Deen, P. J., concurs. Sognier, J., concurs specially.*

DECIDED OCTOBER 22, 1982.

*Jesse Copelan, Jr.,* for appellant.
*George D. Lawrence,* for appellees.

SOGNIER, Judge, concurring specially.

I fully concur in the reasoning and judgment set forth in the foregoing opinion. However, since the case must be tried, I would add that the proper measure of damages for breach of contract to sell the stock is the difference between the contract price and the market value of the stock at the time of the breach. *Turner v. Hillyer,* 28 Ga. App. 736 (113 SE 111) (1922). Such a question is peculiarly one for the jury. Code Ann. § 20-1411; *Tab Sales, Inc. v. D & D Distributors,* 153 Ga. App. 779 (266 SE2d 558) (1980).