67032. BROWN v. REEVES et al.

DEEN, Presiding Judge.
Brown appeals following the trial court's grant of new trial on its own motion.

1. Appellant contends that the trial court erred in denying his motion for a directed verdict at the close of the plaintiff's case. This

case previously appeared in this court for a review of the trial court's grant of a motion for summary judgment in favor of appellees and this court reversed finding issues of fact requiring jury resolution. *Brown v. Reeves,* 164 Ga. App. 89 (296 SE2d 393) (1982). The evidence presented at trial raised the issue of whether the parties substantially complied with the stock sales agreement and this issue could only be resolved by the jury. The court, therefore, did not err in denying the motion for a directed verdict. See *Bodge v. Salesworld, Inc.,* 154 Ga. App. 65 (267 SE2d 505) (1980); *Plough Broadcasting Co. v. Dobbs,* 163 Ga. App. 264 (293 SE2d 526) (1982); *Dept. of Human Resources v. Montgomery,* 248 Ga. 465 (284 SE2d 263) (1981).

2. Appellant mistakenly relies upon the special concurrence in *Brown v. Reeves,* supra, as the only method of proving damages. A single judge concurrence is only the expression of that judge's opinion and does not become the law of the case unless the majority of the judges of the division join in the concurring opinion. See Court of Appeals Rule 35 (Code Ann. § 24-3635).

3. The jury verdict in the instant case read: "The jury finds in favor of the plaintiffs that the defendant be required specifically to perform said agreement and total sale price of $9,450, that there should be no damage or attorney's fees or interest paid by defendant. The jury recommends the bank balance and surplus stock in the warehouse be turned over to Mr. Brown."

The court declined to accept the verdict as the jury had been charged to disregard the term "specifically perform" and the court instructed that "the real issue in the case was whether or not the plaintiffs had substantially complied with the agreement with the defendant so as to entitle them to recover thereunder." The jury deliberated briefly and returned a verdict in favor of the defendant.

OCGA § 5-5-21 (Code Ann. § 70-206) provides: "The presiding judge may exercise a sound discretion in granting and refusing new trials in cases where the verdict may be decidedly or strongly against the weight of the evidence even though there may appear to be some slight evidence in favor of the finding." See also *Turner v. Masonic Relief Assn.,* 52 Ga. App. 374 (183 SE 350) (1936). We have examined the trial transcript and find that the trial court did not abuse its discretion. The judge obviously felt that the jury was hopelessly confused by bringing back two diametrically opposed verdicts and that the second verdict was wholly unsupported by the evidence.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 13, 1983.

*Jesse Copelan, Jr.,* for appellant.

*George D. Lawrence,* for appellees.