A91A0937, A91A0938. WIELAND v. WIELAND et al. (two cases).
(414 SE2d 247)

ANDREWS, Judge.

Appellant Louis Wieland and appellee Linda Wieland were divorced in 1983. A settlement agreement was entered into in 1983 by the Wielands dealing with alimony and child support for their son and daughter and was included in the final judgment of divorce. In February 1990, a guardian ad litem for the daughter was appointed and on May 3, 1990, an order was entered amending the final judgment regarding custody, visitation and child support and directing the father to pay a therapist after an attempted suicide by the child.

Case No. A91A0937 arose from the November 28, 1990, order finding the father in contempt pursuant to an application for citation

of contempt brought by the mother on November 20, 1990.[1]

1. Although not raised by the parties, it is incumbent upon this court to consider our jurisdiction. *Gale v. Hayes Microcomputer Prods.*, 192 Ga. App. 30, 31 (3) (383 SE2d 590) (1989). Case No. A91A0937 dealing with the contempt order is an appeal from a judgment or order "holding . . . persons in contempt of . . . child custody judgment or orders." OCGA § 5-6-35 (a) (2). Having failed to file an application for appeal as required by that section, this court is without jurisdiction to consider the appeal and it is hereby dismissed. *Hosch v. Hosch*, 184 Ga. App. 370 (361 SE2d 686) (1987), cert. denied, 484 U. S. 1067.

2. Case No. A91A0938 arose from the court's denial of the motion to recuse the judge, which was filed on December 3, 1990, and denied on December 4, after the filing on November 29 of the notice of appeal from the order of contempt. Pretermitting the question of whether a motion to recuse filed after the hearing is timely and of any effect, see USCR 25.1; *Gallit v. Buckley*, 240 Ga. 621, 622 (1) (242 SE2d 89) (1978), appeal of any such matter would also have to be by application. *Citizens &c. Nat. Bank v. Rayle*, 246 Ga. 727, 730 (4) (273 SE2d 139) (1980). Therefore, this appeal is also dismissed.

*Appeals dismissed in Case Nos. A91A0937 and A91A0938. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 18, 1991 —
RECONSIDERATION DENIED DECEMBER 10, 1991 — ■

*Turner, Turner, & Turner, Nelson G. Turner*, for appellant.
*Michael J. Bowers, Attorney General, Mark H. Cohen, Senior Assistant Attorney General, Lewis R. Slaton, District Attorney, Federal, Goetz & Cronkright, R. Keegan Federal, Jr.*, for appellees.

---

[1] In both appeals, appellant amended his notices of appeal, purporting to add as a party the State of Georgia on the premise that since this was a criminal contempt, it was required to be added. This is not the function of the notice of appeal. OCGA § 5-6-37. The State was never properly made a party below or here, *Guhl v. Tuggle*, 242 Ga. 412, 413 (1) (249 SE2d 219) (1978), has never appeared and was not required to since this was not a penal action. OCGA § 17-1-2. Therefore, the State's motion to dismiss is unnecessary because the naming of it in the notice of appeal was a nullity.