## A93A1700. MARTIN v. SCHINDLEY.
(435 SE2d 716)

BIRDSONG, Presiding Judge.

Appellant Susan Martin, f/k/a Susan Schindley, appeals the order of the superior court granting appellee Alan R. Schindley's motion to dismiss.

The parties who were formerly married are owners of certain real property. Incorporated in their final judgment and decree of divorce was a separation agreement executed May 5, 1989, purporting to provide for division of the real property with appellee remaining in residence. The agreement pertinently provides: "The equity will be divided between the parties as follows: The husband shall live in the marital homeplace for the next two years, and he will be required to pay all mortgage, tax, insurance, and other expenses associated with the homeplace. Two years from the date [of the agreement], the husband shall have the option to buy the interest of the wife for . . . $8,066.10. Exercise of said option should be by notice to the wife . . . within 60 days of the date the option period begins. . . . If husband does not exercise said option, the wife shall have the option to buy the husband's share [at an equity price formulae not here applicable]. . . . If the husband decides to vacate the premises prior to two years from the date of this agreement, the wife shall have the option of moving in. . . . Should she move in, the roles reverse in the previous paragraphs. . . . When any contingency occurs which triggers payment of equity, the spouse to whom the equity is paid shall execute a warranty deed to the spouse remaining in the house. . . . This agreement shall be submitted to the Court in any divorce action pending between them for its approval, and the provisions hereof shall, if the Court approves, be incorporated in, merged with, and become a part thereof." The agreement was silent regarding the effect of neither party exercising their option to buy, and the parties are in disagreement whether either of them exercised their option.

In July 1991, appellee filed a petition for bankruptcy in the Bankruptcy Court for the Northern District of Georgia. On Schedule B of the petition in bankruptcy, appellee scheduled a one-half interest in the property; on Schedule A, he scheduled a secured claim for the mortgage of the property to Standard Mortgage Company; on Schedule A-3, he listed appellant as an unsecured creditor for a "1989 property settlement" claim in the amount of $8,066.10. The 1989 property settlement did not reference the one-half interest or the debt to Standard Mortgage. Appellant declined to respond to the filing of the bankruptcy. Appellee reaffirmed the debt to Standard Mortgage and was subsequently discharged in bankruptcy; appellant did not appeal that discharge. Appellee claims that by duly filing the bankruptcy petition he gave appellant notice of his intent to remain in possession and to exercise his option.

Appellant thereafter filed a complaint for equitable partitioning of the property in superior court. The trial court granted appellee's motion to dismiss, finding the agreement did not per se accomplish a division of the property, that neither party exercised an option in the manner required by the decree, and that the bankruptcy discharged

the ($8,066.10) obligation under the final judgment and decree. Appellant enumerates three errors. *Held*:

1. Examination of the record in its totality, including appellant's complaint, as amended, and all appellate briefs, we find that the substance and effect of appellant's complaint for equitable partitioning of the property (see generally *Cain v. Moore*, 207 Ga. App. 726, 727 (2) (429 SE2d 135)) is to attack indirectly the discharge in bankruptcy as it pertains to appellant's so-called equity claim for the subject property and, additionally, whether the $8,066.10 constituted a dischargeable debt. Appellant elected neither to participate in the bankruptcy proceeding nor to appeal timely the discharge in bankruptcy.

An appellate court will not reverse a correct ruling of the trial court regardless of the reason, if any, given therefor. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673). A party cannot do indirectly what the law does not allow to be done directly. *Kingsmill Village Condo. Assn. v. Homebanc Fed. Sav. &c.*, 204 Ga. App. 900, 902 (2a) (420 SE2d 771). Moreover, a party cannot complain of a verdict, judgment, ruling, or order that his own legal strategy, trial procedure or conduct aided in causing. See *Perryman v. Rosenbaum*, 205 Ga. App. 784, 790 (423 SE2d 673).

2. Additionally, appellee contends that "appellant is guilty of laches for her failure to respond as a properly listed creditor in the bankruptcy. She cannot now, in an equitable [action], reopen the bankruptcy." We agree.

A party, having a good defense in law who from negligence or legal strategy fails to set it up at the proper time, must accept the consequences of his own laches; he cannot go into equity to be relieved from the consequences of his own omission. See *Peacock v. Walker*, 213 Ga. 628, 630 (100 SE2d 575). "It is a hornbook concept that equity aids the vigilant, not he who slumbers on his rights." *Floyd S. Pike Elec. Contractors v. Williams*, 207 Ga. App. 86, 89 (2d) (427 SE2d 67).

"We must interpret the law and apply it with an even hand; the appellate process affords us no latitude to make adjustments for the ill-earned good fortune of the lucky or the heart-rending misfortune of the unlucky." *Floyd S. Pike Elec.*, supra at 89 (2e).

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 1, 1993 —
RECONSIDERATION DENIED SEPTEMBER 15, 1993

*William I. Sykes, Jr., Susan D. Brown*, for appellant.

*Dodd & Kinsey, Jack E. Dodd, James B. Kinsey*, for appellee.