S93G1960. MARTIN v. SCHINDLEY.
(442 SE2d 239)

HUNSTEIN, Justice.

Susan Martin and Alan Schindley, formerly wife and husband,

are the record owners of certain real property. The parties' settlement agreement, incorporated in the divorce decree, divided their equity in the property and further provided that

> [t]wo years from the date this Agreement is signed [May 5, 1989] . . ., [Schindley] shall have the option to buy [Martin's] interest [in the property] for the sum of $8,066.10. Exercise of said option should be by notice to [Martin] . . . within 60 days of the date the option period begins . . . .

On July 2, 1991, Schindley filed a petition for bankruptcy in which he scheduled a one-half interest in the subject property and listed Martin as an unsecured creditor for a "1989 property settlement" claim in the amount of $8,066.10. The bankruptcy court documents contained in the record of the instant case reveal that notice of Schindley's petition was mailed to the named creditors, including Martin in care of her attorney, on July 5, 1991. Martin filed no response to the petition and Schindley was discharged in bankruptcy in October 1991.

Martin filed the instant action in August 1992, claiming that she was a tenant in common with Schindley and seeking an equitable partitioning of the property. Schindley admitted the parties were co-owners of record of the property but moved to dismiss Martin's complaint because of the discharge in bankruptcy. The trial court's grant of the motion to dismiss was affirmed by the Court of Appeals. *Martin v. Schindley*, 210 Ga. App. 270 (435 SE2d 716) (1993). We granted certiorari and reverse.

An option becomes a contract between the parties binding from the date of its execution when the option is exercised according to its terms. *Redmond v. Sinclair Refining Co.*, 204 Ga. 699, 707 (7) (51 SE2d 409) (1949). An option to purchase land does not, before acceptance, vest in the holder of the option any interest, legal or equitable, in the land which is the subject of the option. *Reeve v. Hicks*, 197 Ga. 181, 185 (28 SE2d 649) (1944); see also *In the Matter of Historic Macon Station Ltd.*, 152 BR 358, 380 (Bkrtcy. M.D. Ga. 1993). Because Schindley did not exercise the option according to its terms by giving notice thereof to Martin *before* he listed the debt he asserted he owed Martin regarding the property subject to the option in his July 2, 1991 bankruptcy petition, he had no legal or equitable interest in that property as of that date. See *Reeve*, supra. We reject Schindley's argument that the bankruptcy court's July 5, 1991 mailing to Martin's attorney constituted his exercise of the option, since there was no notice given by *Schindley* to *Martin*, as required under the terms of the option. Furthermore, mailing of the notice on the final day of the option period did not constitute a timely exercise of the option. See

*Anthony v. Ausburn*, 254 Ga. 472 (330 SE2d 724) (1985) (exercise of an option is effective only upon *receipt* of notice of its exercise).

Accordingly, because Schindley did not exercise his option, he had no legal or equitable interest in the property subject to the option which could have been affected by his discharge in bankruptcy. The bankruptcy proceeding thus did not involve or otherwise affect Martin's interest in the property so that her complaint for equitable partitioning does not constitute an indirect attack on the bankruptcy proceeding and is not subject to dismissal for the reasons set forth in the Court of Appeals' opinion.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 2, 1994.

*William I. Sykes, Jr., Susan D. Brown*, for appellant.
*Dodd & Kinsey, Jack E. Dodd, James B. Kinsey*, for appellee.