A94A2288, A94A2289. WIELAND v. WIELAND (two cases).
(454 SE2d 613)

SMITH, Judge.

This is the second appearance of this domestic relations litigation before this court. In *Wieland v. Wieland,* 202 Ga. App. 222 (414 SE2d 247) (1991) (*Wieland I*), Louis Wieland appealed from an order finding him in contempt of a child custody order and a second order denying his motion to recuse the trial judge. Because he failed to file an application for appeal as required by OCGA § 5-6-35, this court was without jurisdiction to consider either appeal, and both appeals were dismissed. 202 Ga. App. at 223.

In Case No. A94A2288, Louis Wieland once again appeals from an order of the trial court finding him in contempt. In Case No. A94A2289, he appeals from a supplemental order denying his motion regarding venue. Appellee Linda Wieland filed motions to dismiss both appeals, and in Case No. A94A2288 sought damages under OCGA § 5-6-6, contending the appeal was filed for purposes of delay only.

1. Case No. A94A2288 is controlled by the provisions of OCGA § 5-6-35 and *Wieland I.* As noted in that case, an appeal from a judgment or order "holding . . . persons in contempt of . . . [alimony or] child custody judgment or orders" must be made by application. 202 Ga. App. at 223 (1). Louis Wieland's reliance on *Martin v. Schindley,* 210 Ga. App. 270 (435 SE2d 716) (1993), reversed, 264 Ga. 142 (442 SE2d 239) (1994), is misplaced. That decision involved the trial court's dismissal of an action to partition property, not a citation for contempt. Louis Wieland has failed to file the required application for appeal. This court is without jurisdiction to consider the appeal, and it is therefore dismissed.

2. Case No. A94A2289 arose from the trial court's order denying Louis Wieland's "Plea to the Jurisdiction, Motion to Dismiss and Motion to Transfer Venue." This order apparently was entered in response to Louis Wieland's motion for reconsideration of the contempt order. As a supplement to the trial court's original order holding Wie-

land in contempt, the order is sufficiently related to the trial court's contempt order to require an application under OCGA § 5-6-35 (a) (2). See *C & S Nat. Bank v. Rayle*, 246 Ga. 727, 730 (4) (273 SE2d 139) (1980). Moreover, as an interlocutory order it is not appealable without a certificate of immediate review and application pursuant to OCGA § 5-6-34 (b). This appeal is therefore dismissed. See *Wieland I*, 202 Ga. App. at 223 (2).

3. These appeals present a case in which no apparent justification for appeal exists other than delay. The issues are identical to those raised in *Wieland I*, and the result is the same. Louis Wieland was represented by the same counsel in *Wieland I* and in this action. In both notices of appeal, he stated: "The appellant also shows that it has and will file applications for appeal as well as direct appeals to protect the appellate rights of the appellant." Despite this assurance, no applications were filed.

Although it is apparent that Louis Wieland was well aware of the lack of merit of these appeals, we are unable to assess damages under OCGA § 5-6-6. That Code section provides for damages in an appropriate case where a judgment for a sum certain is affirmed. However, "[i]t does not expressly authorize these damages when an appeal is dismissed. The extent of the authority is plain, giving ordinary signification to the words. OCGA § 1-3-1 (b). We cannot supply additional words. Nor can we construe plain and unequivocal words." *Radford v. IPD Printing &c.*, 184 Ga. App. 64 (360 SE2d 656) (1987). See also *Scott v. McLaughlin*, 192 Ga. App. 230 (384 SE2d 212) (1989) ("We are constrained to deny the motion . . . as the statute authorizes the penalty only when the judgment is affirmed, not when the appeal is dismissed.")

We are authorized, however, by Rule 26 (b)[1] of this court to assess a penalty for frivolous appeals. We therefore assess frivolous appeal penalties against Louis Wieland in the amounts of $250 in Case No. A94A2288 and $250 in Case No. A94A2289. The trial court is directed to enter judgment in such amount upon return of the remittitur in this case.

*Appeals dismissed. McMurray, P. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 27, 1995.

*Turner, Turner & Turner, Nelson G. Turner,* for appellant.

---

[1] Rule 15 (b) of the revised rules of this court will apply to those cases docketed on or after January 3, 1995.

*Robert G. Wellon,* for appellee.