## A97A2201. CHAMBERS v. NAVARE.
### (498 SE2d 173)

BEASLEY, Judge.

Pursuant to the Uniform Enforcement of Foreign Judgments Law ("UEFJL"),[1] Texas resident Chambers filed in Cobb County State Court a judgment obtained in the small claims court of Travis County, Texas, by default in his favor against Georgia resident Navare. The Georgia court granted Navare's motion to set aside the Texas judgment, and we granted Chambers' application for discretionary appeal.

1. "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State."[2] The uniform law provides a procedure for filing and enforcing foreign judgments in this state. "A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner."[3]

OCGA § 9-11-60 allows relief from judgments, including setting one aside when there is a lack of personal jurisdiction.[4] Such action by the Georgia court in this case will not affect enforceability in Texas or elsewhere. "The effect, in the foreign state, of a Georgia court's setting aside the domesticated judgment would only affect its enforceability here."[5] Were it a Georgia judgment instead, a Georgia court's setting aside the judgment would end its viability altogether. Thus, the court had authority to grant Navare's motion.

2. Chambers asserts Navare was subject to personal jurisdiction in the Texas court. "If the foreign judgment was obtained by default, no presumption of personal jurisdiction exists, and the burden is on

---

[1] OCGA §§ 9-12-130; 9-12-138.

[2] *Gordon v. Gordon*, 237 Ga. 171 (1) (227 SE2d 53) (1976).

[3] OCGA § 9-12-132.

[4] OCGA § 9-11-60 (d) (1). See also *Sanwa Leasing Corp. v. Stan Hunt Constr. Co.*, 214 Ga. App. 837 (449 SE2d 347) (1994) (affirming grant of motion to vacate or set aside foreign judgment); *Gordon*, supra (foreign judgment may be collaterally attacked where foreign court lacked jurisdiction of person).

[5] *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 713 (463 SE2d 23) (1995) (Beasley, C. J., concurring specially).

the party seeking to domesticate the judgment to negate the defense of lack of jurisdiction. [Cit.]"[6] Texas law controls whether the Texas court had jurisdiction.[7]

Chambers has not met his burden. Together with his "Notice of Suit for Enforcement of Foreign Judgment," Chambers filed a certified copy of the Texas judgment and a certificate of the Secretary of State showing that two copies of the citation and petition in the Texas action were served upon the Secretary of State, that a copy was forwarded by certified mail/return receipt requested addressed to Navare at a Georgia address, and that it was returned and marked "UNCLAIMED." Chambers did not file the complaint from the Texas action or any other documents showing the basis of his claims against or jurisdiction over Navare.

"A Texas court may exercise jurisdiction over a nonresident if two conditions are met. First, the Texas long-arm statute must authorize the exercise of jurisdiction. Second, the exercise of jurisdiction must be consistent with federal and state constitutional guarantees of due process. See TEX. CIV. PRAC. & REM. CODE ANN. § 17.041-§ 17.069 (Vernon 1986)."[8] We need not reach the second condition because the first was not satisfied.

Texas law requires that "[t]o support a default judgment . . . [t]here must be proof in the record of service of process on the defendant in the manner required by the statute."[9] "A plaintiff must strictly comply with the requirements of the statute authorizing substituted service. We must strictly construe the statute. The plaintiff has the burden of affirmatively showing strict compliance with the statute. . . . There are no presumptions favoring valid issuance, service, and return of citation in the face of a direct attack on a default judgment."[10]

A Texas Court of Appeals has held that under these circumstances, mail marked "unclaimed" is insufficient proof of service under Texas law.[11] "An unclaimed letter from the Secretary of State's office can hardly further the aim and objective of the long-arm statute, which is to provide reasonable notice of the suit and an opportunity to be heard."[12]

---

[6] *Sanwa Leasing Corp.*, supra (applying burden to plaintiff in case under UEFJL).

[7] *Arnold v. Brundidge Banking Co.*, 209 Ga. App. 278, 279 (433 SE2d 388) (1993), disapproved on other grounds, *Okekpe*, supra, 218 Ga. App. at 706. See also *P. G. L. & C. C. Employees Credit Union v. Kimball*, 221 Ga. App. 108 (470 SE2d 501) (1996) (filing under UEFJL is notice that foreign law will be relied upon).

[8] *Schlobohm v. Schapiro*, 784 SW2d 355, 356 (Tx. 1990).

[9] *Boreham v. Hartsell*, 826 SW2d 193, 195 (Tx. App. Dallas 1992), citing *Whitney v. L & L Realty Corp.*, 500 SW2d 94 (Tx. 1973).

[10] (Citations omitted.) *Boreham*, 826 SW2d at 195.

[11] *Barnes v. Frost Nat. Bank*, 840 SW2d 747 (Tx. App. San Antonio 1992).

[12] Id. at 750.

The grant of defendant Navare's motion to set aside is affirmed.

*Judgment affirmed. McMurray, P. J., concurs. Smith, J., concurs in the judgment only.*

DECIDED MARCH 18, 1998.

*Howe & Associates, John J. Maurer, Mark A. Moore*, for appellant.

*George S. Sampson*, for appellee.