A10A1083. NOAHA, LLC et al. v. VISTA ANTIQUES AND PERSIAN RUGS, INC.

(702 SE2d 660)

ADAMS, Judge.

The parties to this appeal settled a breach of contract action in South Carolina, and a dispute ensued about whether the defendants (appellants herein) breached the settlement agreement. A South Carolina court found that they had, and it entered judgment in favor of the plaintiff (appellee herein). The plaintiff then sought to domesticate the judgment in Georgia. Meanwhile, however, the Court of Appeals of South Carolina partially reversed the lower court's decision, and the lower court entered a revised judgment. Back in Georgia, following a stay pending the South Carolina appeal, the plaintiff domesticated the final judgment of the South Carolina court. The defendants/appellants contend the Georgia court erred by denying two motions they filed in the domestication proceeding.

The record shows the following specifics: On April 16, 2008, in the State Court of DeKalb County, Vista Antiques and Persian Rugs, Inc. moved, pursuant to the Uniform Enforcement of Foreign Judgments Law (OCGA § 9-12-130 et seq.; hereinafter the "Uniform Law"), to domesticate a judgment issued April 3, 2007 by the Court of Common Pleas for Richland County, South Carolina. The South Carolina judgment provided that Vista was "awarded judgment against [Noaha, LLC, Luxomnia Corporation, Gary A. Anglin, Jr., Patrick F. Anglin, and Gary A. Anglin, Sr. (collectively Noaha)] in

the amount of $165,000, plus interest from February 2, 2006 to the date of entry of the judgment."

On June 2, 2008 (filed June 11), the Georgia court found that the proper formalities had been met, and it entered an "Order and Final Judgment" that provided the South Carolina judgment be made the judgment of the Georgia court "in the amount of $165,000 Principal, $0 Interest, $0 Attorney Fees together with court costs in the amount of $93.00 and shall have the same effect as a judgment of this Court. . . ." A writ of fieri facias was issued.

On June 24, 2008, Noaha moved to stay execution of the Georgia judgment on the ground that the South Carolina judgment was on appeal. The motion was unopposed, and the Georgia court granted the stay.

On July 1, 2009, following a decision by the South Carolina appellate court, Vista moved to lift the stay of execution in the Georgia court. Vista averred that on April 16, 2009, following the remittitur, the South Carolina Court of Common Pleas had issued an "Order Confirming Judgment of the South Carolina Court of Appeals," and Vista attached that order to its motion to lift the stay. In the April 16 order, the South Carolina court had held, based on the final version of the appellate court's decision, that Vista was entitled to the following:

> a money judgment . . . against the Defendants in the amount of $165,000, plus statutory interest at 8 3/4% per annum from July 6, 2007 to the date judgment is entered. The Defendants tendered the amount of $25,000 on February 2, 2006.

The April 16 order has never been appealed, vacated, or set aside. On August 21, 2009, Vista also moved to amend the Georgia court's June 2, 2008 "Order and Final Judgment" in order to have it conform with the April 16, 2009 order of the South Carolina court.

Noaha responded by moving to vacate the June 2, 2008 order and by opposing the motion to lift the stay. Noaha argued that the first Georgia order upon which the fi. fa. issued was no longer valid because the underlying South Carolina judgment had been partially reversed, and that, therefore, the order should be vacated along with the associated fi. fa. Noaha argued that Vista was required to institute a new domestication action for the April 16, 2009 judgment entered following the remittitur from the appellate court.

The State Court of DeKalb County granted Vista's motions and denied Noaha's. The Georgia court held that the original South Carolina judgment could be modified to reflect the remittitur from the South Carolina appellate court. The court also quashed the

original fi. fa. with instruction to issue a new fi. fa. nunc pro tunc "indicating judgment for [Vista] against [Noaha] of $165,000.00 Principal, $26,244.83 Interest and $93.00 Court Costs." Noaha filed a direct appeal from this order.

1. Vista has moved to dismiss Noaha's appeal. It contends Noaha was required to seek a discretionary appeal under OCGA § 5-6-35 (a) (8). Vista asserts that Noaha's appeal is, in substance, an appeal of the denial of a motion to set aside a foreign judgment filed in Georgia under the Uniform Law. See OCGA §§ 9-12-130 et seq.; 9-11-60 (d). It argues that an appeal of the denial of such a motion must be made by application. See, e.g., *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705 (463 SE2d 23) (1995); see also OCGA § 5-6-35 (a) (8). We agree.

Under the Uniform Law, once a foreign judgment is properly authenticated and filed, it has the same effect and is subject to the same procedures as a judgment of a Georgia court:

> A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying as a judgment of the court in which it is filed and may be enforced or satisfied in like manner.

OCGA § 9-12-132. A Georgia court need not, and, in fact, is not authorized to, enter a second or duplicate judgment. See *Arrowhead Alternator v. CIT Communications Finance Corp.*, 268 Ga. App. 464, 465 (602 SE2d 231) (2004). Compare *Kahlig v. Martinez*, 272 Ga. App. 491 (612 SE2d 833) (2005) (following filing of foreign judgment, Georgia court ordered that the foreign judgment be entered and it issued a writ of execution). The properly filed foreign judgment suffices; when the Uniform Law applies, the "foreign judgment" "is entitled to full faith and credit in this state." OCGA § 9-12-131. Thus, as the State Court of DeKalb County ultimately held in this case, its original June 2, 2008 "Order and Final Judgment" was not proper to the extent that it constituted a second or duplicate judgment.

The trial court, however, did properly stay enforcement of the original South Carolina judgment because an appeal was pending. See OCGA § 9-12-134. Once the South Carolina appellate court issued the remittitur and the lower court entered a revised judgment, Vista properly filed the revised South Carolina judgment and moved to lift the stay. Once the revised South Carolina judgment was filed, it, like the original, had the same effect as a Georgia judgment. See OCGA § 9-12-132. In other words, it had the same effect a Georgia judgment would have if it had been revised in accordance

with a remittitur received from a Georgia appellate court. The stay was, therefore, properly lifted to allow enforcement of that revised judgment.

With regard to relief from such a judgment, "[t]he proper method for attacking a foreign judgment filed in Georgia under the Uniform Act is a motion to set aside under OCGA § 9-11-60 (d). [Cit.]" *Arrowhead Alternator*, 268 Ga. App. at 466. Noaha never filed such a motion in the trial court regarding the April 16, 2009 final order issued by the South Carolina Court of Common Pleas. Thus, Noaha has not sought proper relief from that judgment.

What Noaha did file was a motion to vacate the Georgia court's original June 2, 2008 domestication order, as well as an opposition to Vista's motion to lift the stay. But the underlying subject matter of Noaha's claim is that the judgment amount ($165,000) shown on the face of the April 16, 2009 South Carolina final order is incorrect. It contends that the words "The Defendants tendered the amount of $25,000 on February 2, 2006," found on the face of that order, mean that the judgment amount should really be $140,000. It contends we should look behind the judgment by examining the opinion of the South Carolina Court of Appeals as well as the form of payment it used to make that tender to come to that conclusion.

Accordingly, the underlying subject matter of Noaha's motions was an attempt to set aside a judgment. The denial of Noaha's motions was subject to discretionary appeal because "the underlying subject matter generally controls over the relief sought in determining the proper procedure to follow to appeal." *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994). And, "the discretionary appeal procedures are required to appeal the denial of a motion to set aside a judgment filed pursuant to OCGA § 9-11-60 (d)." (Citations and punctuation omitted.) *Arrowhead Alternator*, 268 Ga. App. at 466. See also *Okekpe v. Commerce*, 218 Ga. App. at 706. The case of *Aetna Ins. Co. v. Williams*, 237 Ga. App. 881 (517 SE2d 109) (1999), is not on point. There, the defendant did not seek to set aside a judgment; rather, it asserted the foreign judgment was barred by the applicable statute of limitation.

Because Noaha failed to follow the correct procedure for appealing the decision below, the appeal must be dismissed.

2. Vista seeks sanctions against Noaha under Court of Appeals Rule 15 (b) and OCGA § 5-6-6 on the grounds that the appeal is frivolous, interposed for delay, and contrary to express representations by Noaha and their counsel in open court. We are unable to assess damages under OCGA § 5-6-6 because that Code section does not authorize damages when an appeal is dismissed. *Wieland v. Wieland*, 216 Ga. App. 417 (3) (454 SE2d 613) (1995). Nevertheless, we are authorized by Rule 15 (b) to "by majority vote impose a

penalty not to exceed $2,500.00 against any party" for frivolous appeals. Rule 15 (b). See also *Wieland*, 216 Ga. App. at 418 (3).

Here, Noaha admits that it had no grounds to collaterally attack either judgment of the South Carolina Court of Common Pleas under OCGA § 9-11-60 (d). Yet it has continued to assert that the amount of principal owed, which is plainly stated on the face of those judgments as $165,000, should be recalculated to mean $140,000. Its only argument is that it once "tendered" $25,000 toward that payment. But "tender" has several meanings that depend on the surrounding circumstances. See Black's Law Dictionary (8th ed. 2004). And most of the different meanings state that a tender is only an "offer." Id. Noaha vehemently asserts that this Court should examine the meaning of the South Carolina appellate opinion and look at the facts surrounding its tender, in order to conclude that an "Official Check" that it admits Vista refused, constitutes an actual payment for which it is entitled to credit. Regardless of the merits of such an argument, it is plainly an attack on the final judgment of the South Carolina Court of Common Pleas, which Noaha admits it had no grounds to do. We therefore assess frivolous appeal penalties in the amount of $1,000. The trial court is directed to enter judgment in such amount upon the return of the remittitur in this case. See *Wieland*, 216 Ga. App. 418 (3).

*Appeal dismissed. Andrews, P. J., and Mikell, J., concur.*

DECIDED OCTOBER 5, 2010.

*Perrell & Wright, Charlotte K. Perrell*, for appellants.
*Mobley & Mobley, James H. Mobley, Jr.*, for appellee.