# Court of Appeals
# of the State of Georgia

ATLANTA,  August 13, 2020

*The Court of Appeals hereby passes the following order:*

## A21A0040. DUSTIN JAMES RICHARDS v. MINERVA TAX RECEIVABLES, LLC et al.

In this quiet title action, the trial court entered a final judgment vesting fee simple title to the property at issue in petitioner Minerva Tax Receivables, LLC, in June 2016. Respondent Deborah Williams, as guardian of Dustin Richards, appealed. This Court affirmed, and the Supreme Court denied certiorari review. See *Williams v. Minerva Tax Receivables, LLC*, No. A17A0038 (Feb. 21, 2018), cert. denied, No. S18C0910, 2018 Ga. LEXIS 575 (Aug. 20, 2018).

Back in the trial court, in June 2019, Richards (on his own behalf)[1] filed a motion to: (i) set aside the June 2016 final judgment under OCGA § 9-11-60 (d); and (ii) stay any ruling on the motion to set aside until a ruling is entered in a related case pending in the trial court. The trial court denied Richards's June 2019 motion, and he filed this direct appeal. We lack jurisdiction.

The underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994); *White v. State*, 233 Ga. App. 873, 874 (505 SE2d 228) (1998). The underlying subject matter here is Richards's attempt to set aside a judgment. See *Noaha, LLC v. Vista Antiques & Persian Rugs, Inc.*, 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010). "[T]he denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the

---

[1] It appears that Richards was a minor when this case began but is now an adult.

filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b); *Noaha, LLC*, 306 Ga. App. at 326 (1). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Richards's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Noaha, LLC*, 306 Ga. App. at 326 (1).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* ___08/13/2020_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*