# Court of Appeals
# of the State of Georgia

ATLANTA,  February 17, 2021

*The Court of Appeals hereby passes the following order:*

## A21A0876. GREGORY SCOTT ARMACOST d/b/a G. S. ARMACOST BUILDERS v. MICHAEL R. DEAN et al.

In March 2020, Michael Dean and Sharon Dean obtained an "Order Confirming Arbitration Award" against Gregory Scott Armacost in a superior court in the state of Maine. In June 2020, the Deans filed in the Superior Court of Madison County, Georgia a "Notice of Filing of Foreign Judgment," seeking to domesticate the Maine judgment pursuant to OCGA § 9-12-130 et seq.  In response, in July 2020, Armacost filed a motion to dismiss the notice of filing of foreign judgment, asserting that the Deans's notice "fails to meet the requirements of OCGA § 9-12-132" and thus "is fatally defective."[1] Then, in August 2020, the Deans filed an amended notice of filing of foreign judgment, attaching thereto an "Amended Affidavit of Judgment Creditor" and a sworn certificate from the Maine court clerk's office attesting to the authenticity of the order confirming the arbitration award. In December 2020, the Madison County court issued a "Final Order Making Foreign Judgment the Judgment of the Court." Armacost filed this direct appeal from the Madison County court's order. The Deans have filed a motion to dismiss the appeal, contending that no appealable judgment exists. We agree.

 "Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State." *Chambers*

---

[1] OCGA § 9-12-132 pertinently provides that "[a] copy of any foreign judgment authenticated in accordance with an act of Congress or statutes of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state."

*v. Navara*, 231 Ga. App. 318 (1) (498 SE2d 173) (1998) (citation and punctuation omitted). "[T]he proper method for attacking a foreign judgment filed in Georgia under [OCGA § 9-12-130 et seq.] is a motion to set aside under OCGA § 9-11-60 (d)." *Noaha, LLC v. Vista Antiques & Persian Rugs*, 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010) (citations and punctuation omitted).

Armacost did not file a motion to set aside the Maine judgment; he filed a motion to dismiss the notice of filing of foreign judgment as originally filed on the ground that it failed to comply with OCGA § 9-12-132 (which requires the filing of an authenticated copy of the foreign judgment). In the absence of an order denying a motion to set aside, there is no appealable judgment for this Court to review. See *Noaha*, *LLC*, supra; *Arrowhead Alternator v. CIT Communs. Fin. Corp.*, 268 Ga. App. 464, 464-466 (602 SE2d 231) (2004).

Furthermore, even if the December 2020 order could be construed as implicitly denying a motion to set aside a judgment (and/or denying the motion to dismiss the notice of filing of judgment), the substance of this appeal would involve a challenge to the denial of a motion to set aside pursuant to OCGA § 9-11-60 (d), and the order would be subject to the discretionary appeal procedures – with which Armacost has not complied. See *Noaha, LLC*, supra at 325-326 (1); OCGA § 5-6-35 (a) (8); see generally *Hughey v. Gwinnett County*, 278 Ga. 740 (741 (1) (609 SE2d 324) (2004) (noting that whether an order is appealable is judged by its function and substance). We lack jurisdiction in either event.

Accordingly, the Deans's motion to dismiss is hereby GRANTED, and this appeal is DISMISSED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,* __02/17/2021__

    *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *Stephen E. Castlen* _____ *, Clerk.*