# Court of Appeals
# of the State of Georgia

ATLANTA,  December 21, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1498. NAHED ABDULNABI et al v. FATMA ADEL SEKIK.

In February 2021, Fatma Adel Sekik filed in the Superior Court of Gwinnett County a Notice of Filing Foreign Judgment pursuant to OCGA § 9-12-130 et seq., seeking to enforce a judgment Sekik ("judgment creditor") obtained in a Tennessee trial court against Nehad Abdulnabi and Rewa Gharbawe (collectively "judgment debtors"). In March 2021, the judgment debtors filed a Motion to Stay Enforcement of a Foreign Judgment, citing OCGA § 9-12-134 (a),( b) and OCGA § 9-11-60 (d). As to OCGA § 9-12-134, the judgment debtors asserted that enforcement of the foreign judgment should be stayed because an appeal of the Tennessee judgment was pending.[1] As to OCGA § 9-11-60 (d), they contended that the judgment should be set aside based on lack of jurisdiction, fraud, and nonamendable defects appearing on the

---

[1] The judgment debtors first appealed the Tennessee judgment to the Tennessee Court of Appeals, which affirmed the trial court's judgment "in all respects" in January 2021; the judgment debtors had challenged the trial court's jurisdiction over them and over the property, as well as certain rulings by the trial court. In March 2021, the judgment debtors filed in the Supreme Court of Tennessee an application for permission to appeal the Tennessee Court of Appeals's decision. The judgment debtors state in their brief that the Supreme Court "did not grant" the application and that they have since filed in a Tennessee circuit court a complaint to vacate the judgment, and a federal lawsuit regarding the matter.

face of the record. The Gwinnett County court issued a final order and judgment granting the petition to domesticate the foreign judgment and denying the judgment debtors's motion to stay enforcement of the foreign judgment. The judgment debtors filed this direct appeal from the final order and the order denying their motion for reconsideration. We, however, lack jurisdiction.

"Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State." *Chambers v. Navara*, 231 Ga. App. 318, 318 (1) (498 SE2d 173) (1998) (citation and punctuation omitted). "[T]he proper method for attacking a foreign judgment filed in Georgia under [OCGA § 9-12-130 et seq.] is a motion to set aside under OCGA § 9-11-60 (d)." *Noaha, LLC v. Vista Antiques & Persian Rugs*, 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010) (citations and punctuation omitted). The denial of a motion to set aside pursuant to OCGA § 9-11-60 (d) is subject to the discretionary appeal procedure – with which the judgment debtors have not complied. See *Noaha*, 306 Ga. App. at 325-326 (1); OCGA § 5-6-35 (a) (8). And although this appeal purports to be from the denial of a motion to stay enforcement of a foreign judgment, the appeal is in substance one from the denial of a motion for relief from a foreign judgment based on OCGA § 9-11-60 (d). See *Hughey v. Gwinnett County*, 278 Ga. 740, 741 (1) (609 SE2d 324) (2004) (noting that whether an order is directly appealable is judged by its function and substance); *Okekpe v. Commerce Funding Corp.*, 218 Ga. App. 705, 706 (463 SE2d 23) (1995). The judgment debtors's motion specifically referenced and relied upon OCGA § 9-11-60 (d) and the grounds set forth therein as their bases for obtaining relief from the foreign judgment. Given the subject

matter of this case, this appeal is subject to the discretionary appeal statute. See *Okekpe*, 218 Ga. App. at 706. "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because the judgment debtors have not followed the mandatory procedure for discretionary review of the subject matter of this case, we do not have jurisdiction.

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*   *12/21/2022*

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*