# Court of Appeals
# of the State of Georgia

ATLANTA,  October 10, 2023

*The Court of Appeals hereby passes the following order:*

## A23A0917.    RAS MEDICAL SOLUTION, LLC v. TRINITY GRAND MARKETING, LLC.

RAS Medical Solution, LLC ("RAS") appeals from a default judgment entered against it in this breach of contract action brought by Trinity Grand Marketing, LLC ("Trinity"). On appeal, RAS argues that the trial court erred by granting Trinity's motion for default judgment for various reasons, including that Trinity failed to properly serve RAS. Because the trial court should have ruled on RAS's motion to set aside the default judgment, we vacate the default judgment and remand the case for additional proceedings.

The record in this case establishes that on August 12, 2022, Trinity filed a complaint against RAS Medical, alleging breach of contract and seeking $641,920 for unpaid invoices related to medical laboratory testing, plus interest and OCGA § 13-6-11 attorney fees. Trinity attempted to serve RAS's registered agent on August 18, 2022, but that attempt was unsuccessful and Trinity filed an affidavit of non-service on August 22, 2022.[1] Specifically, the process server provided the following reason for his inability to effect service on RAS: "I spoke with an individual who indicated they were the employee and they stated subject unknown. At the address I observed a call/mail box listing another. I spoke with a neighbor who says not

---

[1] Trinity filed a second affidavit of non-service on August 25, 2022. However, this affidavit is identical to the affidavit filed on August 22, 2022, and does not show that Trinity attempted to serve RAS's registered agent a second time.

resident." Then on September 12, 2022, Trinity filed a "proof of service upon the defendant," representing that it had served RAS via statutory overnight delivery pursuant to OCGA § 14-11-1108 (a) (3) (providing that where a limited liability company's registered agent "cannot with reasonable diligence be served," company may be served by statutory overnight delivery; service is perfected "[f]ive days after its deposit in the mail, as evidenced by the postmark, if mailed postage prepaid and correctly addressed"). This filing included a FedEx shipping label and tracking information indicating that the shipment was not delivered to RAS; instead, the package was returned to Trinity's counsel.

RAS did not file an answer to the complaint, and on October 26, 2022, at 4:56 p.m., Trinity moved for default judgment. Trinity filed a second, identical motion for default judgment on October 27 at 2:28 p.m. The trial court granted the motion the same day at 2:28 p.m. Also on October 27, at 2:50 p.m., RAS moved to set aside the default judgment and filed an answer and counterclaim. In the motion to set aside, RAS alleged insufficient service of process. Specifically, RAS maintained that Trinity was not authorized to resort to statutory overnight service under OCGA § 14-11-1108 (a) because it had not exercised "reasonable diligence" in attempting to serve RAS's registered agent. Alternatively, RAS contended that if it had been properly served, it had raised a meritorious defense in its answer, and Trinity would not be prejudiced by the slight delay in RAS's filing its answer. RAS filed a second motion to set aside the default judgment on November 3, 2022. The trial court did not rule on the motions to set aside the default judgment, and RAS Medical filed a notice of appeal within 30 days of the trial court's entry of default judgment.

RAS contends that the trial court erred by entering default judgment because RAS was never properly served.

"[T]rial courts should inquire into questions of jurisdiction as well as service before entering a default judgment." *Hoesch America, Inc. v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845, 848 (1) (459 SE2d 187) (1995).

Under Georgia law, when the defense of lack of personal jurisdiction due to defective service is raised by way of a motion to set aside the judgment, the trial court sits as the trier of fact. Our standard of review in this regard is the any evidence rule, and absent an abuse of discretion, we will not reverse a trial court's refusal to set aside a judgment.

*Kahlig v. Martinez*, 272 Ga. App. 491, 491 (612 SE2d 833) (2005) (citation and punctuation omitted). Furthermore, "whenever possible cases should be decided on their merits for default judgment is not favored in law." *Laurel Baye Healthcare of Macon, LLC v. Neubauer*, 315 Ga. App. 474, 476 (1) n. 1 (726 SE2d 670) (2012) (citation and punctuation omitted).

Here, RAS filed a motion to set aside the default judgment the same day the trial court entered the judgment and raised the issue of service. As noted above, OCGA § 14-11-1108 permits statutory overnight service only where a limited liability company's registered agent "cannot with reasonable diligence be served[.]" OCGA § 14-11-1108 (a) (3). And in this case, the certificate accompanying the motion for default judgment revealed that service was never received by RAS and was returned to Trinity's counsel. However, the record does not show that the trial court considered whether Trinity acted with "reasonable diligence" in attempting to serve RAS's registered agent, nor whether service was properly effected under OCGA § 14-11-1108 (a) (3).

Accordingly, in light of the unique facts of this case, and in recognition of the trial court's role as factfinder when the defense of defective service is raised by way of a motion to set aside the judgment, we REMAND this case to allow the trial court to rule, in the first instance, on the service of process issues raised in RAS's motion to set aside. See OCGA § 9-11-60 (d) (1) ("A motion to set aside may be brought to set aside a judgment based upon . . . [l]ack of jurisdiction over the person or the subject matter[.]"); *Shultz v. Walker*, 361 Ga. App. 819, 822-823 (865 SE2d 637)

(2021) (remand warranted where trial court failed to rule on alternative ground raised in OCGA § 9-11-60 (d) motion to set aside).



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,    10/10/2023*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*