# Court of Appeals
# of the State of Georgia

ATLANTA, January 06, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0828. JOHN W. DUNSMORE, JR. v. RV COUNTRY, INC.

RV Country, Inc. filed a petition to domesticate a foreign judgment obtained in California against John W. Dunsmore, Jr. In response, Dunsmore filed a motion to dismiss or in the alternative motion to set aside the foreign judgment pursuant to OCGA § 9-11-60 (d). After a hearing, the trial court granted the petition to domesticate the foreign judgment and denied Dunsmore's motion to set aside. This direct appeal followed. We, however, lack jurisdiction.

"Under the full faith and credit clause of the United States Constitution, a judgment of a foreign court will be enforced by the courts of this State." *Chambers v. Navare*, 231 Ga. App. 318, 318 (1) (498 SE2d 173) (1998) (citation and punctuation omitted). The method for attacking a foreign judgment filed in Georgia is a motion to set aside under OCGA § 9-11-60 (d), the denial of which is subject to the discretionary appeal procedure. See *Noaha, LLC v. Vista Antiques & Persian Rugs*, 306 Ga. App. 323, 325-326 (1) (702 SE2d 660) (2010); see also OCGA § 5-6-35 (a) (8). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Res.*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Dunsmore's failure to follow the discretionary appeal procedure thus deprives us of jurisdiction over this direct appeal,

which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* __01/06/2025_____

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*