# Court of Appeals
# of the State of Georgia

<span style="text-align:right">ATLANTA, April 16, 2025</span>

*The Court of Appeals hereby passes the following order:*

## A25A1529. LARAY J. BENTON et al. v. SPH 21, LLC.

LaRay J. Benton and others filed a civil action against multiple defendants in 2021. The trial court dismissed the claims in that action in 2023 and entered an order granting defendant SPH 21, LLC's motion for OCGA § 9-15-14 attorney fees in June 2024. In October 2024, Benton initiated a new action by submitting multiple filings in which he asked the trial court to set aside the June 2024 order on the ground that the court lacked personal jurisdiction over him because he was not properly served in that lawsuit. In particular, he filed: (i) an "Extraordinary Motion for New Trial"; (ii) a "Motion to Set Aside Judgment and All Garnishment Actions and/or Motion for New Trial in the Alternative"; (iii) a "Complaint in Support of Plaintiff's Motion to Set Aside Judgment on SPH 21, LLC Defendants' Motion for Attorney Fees & Motion to Stay any Further Garnishments Awarded"; and (iv) a "Motion to Stay Judgment and all Garnishment Actions and/or Motion for New Trial in the Alternative." The trial court denied all of the motions and dismissed the action in which they were filed. Benton then filed this direct appeal.[1] We lack jurisdiction.

Pleadings, motions, and orders must be construed according to their substance and function and not merely as to their nomenclature. *Planet Ins. Co. v. Ferrell*, 228 Ga. App. 264, 266 (491 SE2d 471) (1997); accord *State v. Hasson*, 334 Ga. App. 1, 3

---

[1] While Benton's notice of appeal appears to indicate that there are two additional appellants, the record on appeal contains no indication that anyone other than Benton was a party to the lower court proceedings in the current case.

(1) (778 SE2d 15) (2015). In this case, each of Benton's filings, however denominated, in substance, sought to set aside a prior judgment for lack of personal jurisdiction. The statutory authority for such a request lies in OCGA § 9-11-60 (d) (1). And "the denial of a motion to set aside a final judgment under OCGA § 9-11-60 is not directly appealable and instead requires the filing of an application for discretionary appeal under OCGA § 5-6-35 (b)." *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006); see OCGA § 5-6-35 (a) (8), (b); *Noaha, LLC v. Vista Antiques & Persian Rugs*, 306 Ga. App. 323, 326 (1) (702 SE2d 660) (2010). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Pretermitting whether this appeal is subject to dismissal for other reasons, Benton's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Noaha, LLC*, 306 Ga. App. at 326 (1).



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*  04/16/2025

   I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

   Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*